UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| STEVE CANNON, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: |
| | § | 5:15-CV-106 |
| AECOM TECHNOLOGY CORPORATION | § | |
| F/K/A URS CORPORATION, | § | |
| | § | |
| DEFENDANT. | | |

## NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:**

Pursuant to provisions of 28 U.S.C. § 1446, PLEASE TAKE NOTICE that Defendant AECOM f/k/a AECOM Technology Corporation  ("AECOM" or "Defendant")[1] hereby removes Case No. 15CO681-202, filed in the 202nd Judicial District Court, Bowie County, Texas, and all claims and causes of action therein, to the United States District Court for the Eastern District of Texas, Texarkana Division. As grounds for removal, Defendant respectfully states as follows:

## I.
## COMMENCEMENT AND SERVICE

On May 27, 2015, Plaintiff Steve Cannon ("Cannon" or "Plaintiff") filed suit against Defendant AECOM in the 202nd Judicial District Court, Bowie County, Texas, styled *Steve*

---

[1] Defendant was formerly known as AECOM Technology Corporation. However, on or about January 7, 2015, Defendant formally changed its name to AECOM. *See* Declaration of Stuart Young in Support of Defendant's Notice of Removal, Exhibit 1 hereto, ("Young Decl.") at ¶ 5. On or about October 17, 2014, AECOM Technology Corporation completed the acquisition of URS Corporation, and, as a result of that acquisition, URS Corporation ceased to exist as a separate corporation. *Id*. at ¶ 4.

*Cannon v AECOM Technology Corporation f/k/a URS Corporation*, Cause No. 15C0681-202 (the "Petition").

On May 29, 2015, Plaintiff served citation and the Petition via certified mail on CT Corporation System, as Defendant's agent for service of process in Texas. *See* Young Decl. at ¶ 6 and Exhibit A thereto. The citation and Petition were received by CT Corporation on June 1, 2015 and forwarded to Defendant on the same day. *Id*.

This Notice of Removal is timely filed within 30 days of Defendant's receipt of the Petition. 28 U.S. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348 (1999) (holding that a named defendant's time to remove is trigged by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons). Though the removal inquiry is a matter of federal law, "service of process" is defined by state law. *See City of Clarksdale v. BellSouth Telecommunications, Inc*., 428 F.3d 206, 210 (5th Cir. 2005). As to notice, courts generally agree that the thirty-day period for removal begins after receipt by the named defendant of the complaint, and not simply service on the statutory agent. *See, e.g., Simpson v. JIK Cayman Bay Exch. LLC*, 2014 U.S. Dist. LEXIS 30245 at *6-7 (N.D. Tex. Mar. 7, 2014); *Barrackman v. Banister*, 2007 U.S. Dist. LEXIS 4310 at *1 (S.D. Tex. Jan. 22, 2007).

## II.
## GROUNDS FOR REMOVAL

Defendant is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000 between parties with complete diversity of citizenship.

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction where the matter in controversy exceeds the sum of $75,000, exclusive of costs and interests. Here,

Plaintiff contends in the Petition that he seeks monetary relief of over $200,000. *See* Plaintiff's Original Petition, Document 2 to the concurrently filed Index of State Court Pleadings, Exhibit 2 hereto, at ¶ 7.

Further, there is complete diversity among the parties. Under the diversity statute, corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In the Petition, Plaintiff indicates that he is domiciled at 295 CR 1104, Maud, Bowie County, in the State of Texas, and was domiciled there at the time this action was commenced. *See* Plaintiff's Original Petition, Document 2 to the Index of State Court Pleadings, at ¶ 2.

Defendant is a corporation incorporated and existing under the laws of the State of Delaware, having its principal place of business at Manu Life Plaza, 1999 Avenue of the Stars #2600, Los Angeles, CA 90067. *See* Young Decl. at ¶ 3. Los Angeles is where Defendant's officers direct, control, and coordinate Defendant's business activities. *Id.*; *see, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities."). No change in the citizenship of Defendant has occurred since the commencement of the state court action. *See* Young Decl. at ¶ 3. Thus, because Plaintiff and Defendant are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

### III.
### VENUE

Venue is proper in the United States District Court for the Eastern District of Texas, Texarkana Division, because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441 and 1446.

### IV.
### NOTICE

This Notice of Removal will be filed with the 202nd Judicial District Court, Bowie County, Texas, and a copy of this Notice of Removal will be served on Plaintiff.

### V.
### COMPLIANCE WITH LOCAL RULE CV-81(C)

Defendant submits the following information in compliance with Local Rule CV-81(c).

### LR CV-81(c)(1)

The parties to this case are Steve Cannon, Plaintiff and AECOM, Defendant.

The removed case is pending.

### LR CV-81(c)(2)

A civil cover sheet is attached hereto as Exhibit 3. The remaining documents required by Local Rule CV-81(c)(2) are included in the concurrently filed Index of State Court Pleadings, Exhibit 2 hereto.

### LR CV-81(c)(2)

The attorneys involved in the action being removed are:

Steve Harrelson
TX Bar No. 24036726
HARRELSON LAW FIRM, P.A.
Post Office Box 40 (75504)
300 State Line Avenue
Texarkana, AK 71854

Keith C. Cramer
Lead Attorney
TX Bar No. 24051678
Joshua P. Martin
TX Bar No. 24037030
GORDON & REES LLP

Tel: 870-772-0300                              2100 Ross Ave., Ste. 2800
Fax: 870-722-0302                              Dallas, TX 75201
steve@harrelsonfirm.com                        Tel: 214-231-4660
                                               Fax: 214-461-4053
Attorney for Plaintiff                         kcramer@gordonrees.com
                                               jmartin@gordonrees.com
                                               Attorneys for Defendant

### LR C- 81(c)(4)

Plaintiff requested trial by jury in the state court action.

### LR CV-81(c)(5)

This case is being removed from the 202nd Judicial District Court, Bowie County, Texas,

located at Bi-State Justice Building, 100 N State Line, Box 10, Texarkana, TX 75501.

**VI.**
**PRAYER**

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant files this

Notice of Removal with the United States District Court for the Eastern District of Texas,

Texarkana Division, and hereby seeks to remove this action from the District Court of Bowie

County.

Respectfully submitted,

**GORDON & REES LLP**

By:   */s/ Keith C. Cramer*
          **KEITH C. CRAMER**
          Lead Attorney
          State Bar No. 24051678
          kcramer@gordonrees.com
          **JOSHUA P. MARTIN**
          State Bar No. 24037030
          jmartin@gordonrees.com

2100 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 231-4660 (Telephone)
(214) 461-4053 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**AECOM TECHNOLOGY CORPORATION**
**F/K/A URS CORPORATION**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on June 26, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.  Any other counsel of records will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Joshua P. Martin*
Joshua P. Martin